IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COU
AT ROANOKE, VA
FILED

APR 15 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Case No.: 7:16-cr-22 |
| ALLAH TRUTH KELLEY | : Violation: |
| | : 18 U.S.C. § 922(g)(1) |

## INDICTMENT

## COUNT ONE

The Grand Jury charges that:

1. On or about January 28, 2016, in the Western District of Virginia, the defendant, ALLAH TRUTH KELLEY, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess firearms, those being, a Smith & Wesson, model SW40VE, .40 caliber semi-automatic pistol, and a Taurus, model 24/7, 9 mm semi-automatic pistol, in and affecting interstate or foreign commerce.

2. All in violation of Title 18, United States Code, Section 922(g)(1) and 924(e).

## NOTICE OF FORFEITURE

1. Upon conviction of the felony offense alleged in this Indictment, the defendant shall forfeit to the United States:

    a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offenses, pursuant to 21 U.S.C. § 853(a)(1).

    b. any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said offenses, pursuant to 21 U.S.C. § 853(a)(2).

    c. any interest in, claims against, and property or contractual rights affording a source of control over, the said continuing criminal enterprise, pursuant to 21 U.S.C. § 853(a)(3).

    d. any firearm used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances and/or raw materials, as described in 21 U.S.C. § 881(a)(1) and (2), and any proceeds traceable to such property, pursuant to 21 U.S.C. § 881(a)(11) and 28 U.S.C. § 2461(c).

    e. any firearms and ammunition involved or used in the commission of said offenses, or possessed in violation thereof, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2. The property to be forfeited to the United States includes but is not limited to the following property:

    a. **Money Judgment**

        An undetermined sum of U.S. Currency and all interest and proceeds traceable thereto, in that such sum in aggregate was obtained directly or indirectly as a result of said offenses or is traceable to such property.

    b. **Firearms/Ammunition**

        1. Smith & Wesson, model SW40VE, .40 caliber semi-automatic pistol, Serial No. DSE3354

2. Taurus, model 24/7, 9 mm semi-automatic pistol, Serial No. THY86240
3. Associated ammunition

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with a third person;
c. has been placed beyond the jurisdiction of the Court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

A True Bill this 15th day of April, 2016.

_s/Grand Jury Foreperson_
FOREPERSON

_____
JOHN P. FISHWICK, JR.
UNITED STATES ATTORNEY