IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 7:16-cr-00022 |
| | ) | |
| | ) | |
| ALLAH TRUTH KELLEY, | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendant. | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OPINION**

In 2016, Allah Truth Kelley pleaded guilty to one count of possession of a firearm by a convicted felon and was sentenced to a prison term of 78 months. Now before the court are Kelley's motion to vacate or correct his sentence under 28 U.S.C. § 2255, a motion to amend his motion,[1] and a motion to appoint counsel. For the reasons stated below, these motions will be denied.

**I. § 2255 Motion**

Under § 2255, a movant may attack his sentence or conviction on the grounds that it was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. *Id.* § 2255(a). The movant bears the burden of proving grounds for collateral relief by a preponderance of the evidence. *See*

---

[1] Two separate motions to amend were docketed, but the two motions present the same argument.

*United States v. Cook*, Criminal No. 1:11-cr-188, 2019 WL 921448, at *1 (E.D. Va. Feb. 25, 2019) (citing *Vanater v. Boles*, 377 F.2d 898, 900 (4th Cir. 1967)).

By pleading guilty, Kelley waived his right to collaterally attack his conviction, unless such filing is based on ineffective assistance of counsel. (Plea Agreement, Dkt. No. 77.)[2] Appeals courts including the Fourth Circuit have held that "the right to attack a sentence collaterally may be waived so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Kelley does not contend that his guilty plea was unknowing or involuntary, and at the plea colloquy, Kelley indicated that he understood he was waiving his right to pursue a collateral attack. (8/11/16 Guilty Plea Transcript 19–10, 26–28, Dkt. No. 114.) *See United States v. Wessells*, 936 F.2d 165, 167–68 (4th Cir. 1991) (holding that where the court fully questions a defendant during a Rule 11 colloquy regarding the waiver, it is presumptively valid). Neither does Kelley advance a claim for ineffective assistance of counsel or any type of claim that has been allowed to proceed despite an appeal or collateral attack waiver. *See Lemaster*, 403 F.3d at 220 n.2 (discussing the "narrow class of claims that we have allowed a defendant to raise on direct appeal despite a general waiver of appellate rights," including the "right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race," and a claim that an appellant "had been wholly deprived of counsel during his sentencing proceedings"); *Thrasher v. United States*, 721 F. Supp. 2d 480, 486 (E.D. Va. 2010) ("[A] valid § 2255 waiver does not apply to claims that 1) a sentence exceeds the statutory maximum penalty, 2) a sentence is based on a constitutionally impermissible factor, such as race, 3) the guilty plea was entered

---

[2] Kelley also waived his right to file a direct appeal, outside of a "limited right to appeal and challenge any sentence that finds that I am an Armed Career Criminal and am subject to a mandatory minimum sentence of fifteen (15) years' incarceration." (Plea Agreement 8.) Kelley did not file a direct appeal.

unknowingly and involuntarily, or 4) the petitioner received ineffective assistance of counsel after entering her guilty plea."). Kelley's only claim—a Fourth Amendment claim based on a 2018 Supreme Court decision—does not implicate the voluntariness of his guilty plea or any of the other types of cases considered outside the scope of a valid waiver.

Even in the absence of a valid waiver, Kelley's claim lacks merit and, at least arguably, cannot be addressed on collateral review in the first instance. Kelley's claim is premised on the Supreme Court's decision in *Byrd v. United States*, 138 S. Ct. 1518 (2018), which recognized that a driver in lawful possession of a rental car has a reasonable expectation of privacy in the rental car, even if the driver is not listed in the rental agreement. *Id.* at 1531. Fourth Amendment claims generally are not cognizable on collateral review if the defendant had a full and fair opportunity to litigate the claim. *See Roberts v. United States*, No. 1:10CR173-1, 2015 WL 3619545, at *6 (M.D.N.C. June 9, 2015) (collecting cases). This is because the exclusionary rule is a "judicially created remedy rather than a personal constitutional right" whose purpose is to "safeguard Fourth Amendment rights generally through its deterrent effect." *Ray v. United States*, 721 F.3d 758, 762 (6th Cir. 2013) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 376 (1986)). *Byrd*, however, was decided two years after Kelley's guilty plea, and courts have stated that Fourth Amendment claims can be litigated in a § 2255 motion if there has been an intervening change in the law. *See Wilson v. United States*, Criminal No. ELH-10-0488, 2016 WL 1366024, at *10 (D. Md. Apr. 6, 2016) (citing *United States v. Schulte*, 230 F.3d 1356 (4th Cir. 2000)). Even if cognizable in these proceedings, Kelley's Fourth Amendment claim cannot succeed.

Before pleading guilty, Kelley moved to suppress evidence seized from a vehicle he was driving on the basis that police did not have reasonable suspicion to stop and seize him. Kelley

3

argues, pursuant to *Byrd*, that he was legitimately in the car, which was a rental, and therefore he had a reasonable expectation of privacy in the vehicle. However, the court did not base its decision on Kelley's expectation of privacy, or lack thereof, in the vehicle and its contents. Instead, the court presumed that Kelley had standing to contest the search and found that the seizure was based on reasonable suspicion, and the search was supported by probable cause. "Having found that the stop was legal, the court also concludes that the search of the car was supported by probable cause. As Kelley conceded at the hearing, the fact that he possessed and handed over a bag of marijuana to Officer Getz, and the fact that Officer Adams smelled burnt marijuana coming from the cracked window of the car, permitted the officers to search the vehicle." (8/11/16 Mem. Op. 13.) Therefore, *Byrd* does not support Kelley's Fourth Amendment claim.

For these reasons, Kelley's § 2255 motion will be denied.

**II. Motion to Amend**

Kelley also moves to amend to add a second claim to his motion. The court construes Kelley's motion to amend as a motion pursuant to Rule 15 of the Federal Rules of Civil Procedure, which are generally applicable to § 2255 proceedings. "Rule 15 is applicable to § 2255 motions by way of 28 U.S.C. § 2242, Federal Rule of Civil Procedure 81(a)(4), and Rule 12 of the [§ 2255 Rules]." *United States v. McDonald*, 641 F.3d 596, 616 n.12 (4th Cir. 2011). When, as here, more than 21 days have passed after service of the government's answer, Rule 15(a)(2) permits amendment of the petition only with the government's written consent or leave of court. Fed. R. Civ. P. 15(a)(2). The rule further provides that the court "should freely give leave when justice so requires." *Id.* Leave to amend should be granted in the absence of "bad

4

faith, undue prejudice to the opposing party, or futility of the amendment." *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000).

Kelley seeks to add a new claim based on the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which held that to convict a person for unlawful possession of a firearm, the government must show that "the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Id.* at 2194. This claim does not fit within any of the recognized exceptions for claims to proceed despite an appeal or collateral attack waiver. Therefore, the court will deny the motion to amend as futile.

## III. Motion to Appoint Counsel

There is no constitutional right to counsel in § 2255 cases. *Smith v. United States*, No. 5:05-CR-207-F-1, 2009 WL 10681484, at *1 (E.D.N.C. June 3, 2019) (citing *Vandenades v. United States*, 523 F.2d 1220, 1225–26 (5th Cir. 1975)). The district court is authorized to appoint counsel under 18 U.S.C. § 3006A in the interests of justice if the movant is financially unable to obtain representation. Because Kelley waived his right to pursue this action in the first instance, the interests of justice clearly do not favor appointment of counsel.

## IV. Certificate of Appealability

When issuing a final order adverse to the § 2255 movant, the court must issue or deny a certificate of appealability. *See* Fed. R. Gov. § 2255 Proc. 11(a). A certificate of appealability may issue only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The movant must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

The court declines to issue a certificate of appealability because Kelley has not made a substantial showing of the denial of a constitutional right and reasonable jurists would not find the court's assessment of his claims debatable or wrong.

**V. Conclusion**

For these reasons, the court will deny Kelley's § 2255 motion, deny his motion to amend, deny his motion to appoint counsel, and decline to issue a certificate of appealability. The court will issue an appropriate order.

Entered: December 10, 2019.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge